IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| IN RE: SUBPOENAS TO NON-PARTIES ANNETTE HILLRING AND BARRY SNYDER<br><br>PROGRESSIVE STERILIZATION, LLC, a Florida Limited Liability Company, and PMBS, LLC, a New Jersey Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>TURBETT SURGICAL LLC, a Delaware Limited Liability Company, and TURBETT SURGICAL, INC., a Delaware Corporation<br><br>Defendants.<br><br>TURBETT SURGICAL LLC and TURBETT SURGICAL, INC.,<br><br>Counter-Plaintiffs,<br><br>v.<br><br>PROGRESSIVE STERILIZATION, LLC and PMBS, LLC,<br><br>Counter-Defendants. | Civil Action No.:<br><br>8:21 mc 90 VMC-TGW<br><br>Related to Case No: 19-cv-627-CFC in The United States District Court for Delaware |

**PLAINTIFFS' MOTION FOR PROTECTIVE
ORDER REGARDING EXPERT CONSULTANTS
AND MEMORANDUM OF LAW IN SUPPORT**

Progressive Sterilization LLC and PMBS LLC (collectively "Progressive" or

"Plaintiffs") move this Court for a protective order regarding the depositions and

Page 1 of 16



related discovery of third-party witnesses Annette Hillring and Barry Snyder, pursuant to Rule 45(b)(4)(D) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT OF URGENCY

This is a time-sensitive matter. The primary action is pending before the U.S. District Court in Delaware. The Delaware Court has ordered all fact discovery to be completed by **August 2, 2021**. This Motion seeks a protective order in connection with two third-party depositions that have been subpoenaed for compliance in this district. The deposition of Ms. Annette Hillring, was originally scheduled to commence on June 9, 2021 and subsequently moved to June 30, 2021. *See* Hillring Subpoena, attached hereto as **Exhibit A**. The parties have agreed to reschedule Ms. Hillring's deposition to await the Court's ruling on this Motion. However, due to the primary action discovery deadline, any deposition needs to proceed on or before August 2, 2021. The other deposition, that of Barry Snyder, is noticed for July 12, 2021 (with counsel currently discussing alternative proposed dates of July 13 and 15 if not a bit later in the month). *See* Snyder Subpoena, attached hereto as **Exhibit B**. Over 20 other depositions are taking place in the remaining five weeks before discovery closes, including the bulk of the week preceding August 2. Plaintiffs seek an order from this Court to permit the depositions to proceed within the July time frame, and limiting the scope of such depositions as set forth below.

## INTRODUCTION

This Motion is brought with respect to the upcoming depositions of two of Plaintiffs' expert consultants, neither of whom have been designated to provide

expert testimony. The witnesses are located within the Middle District, and compliance with the deposition subpoenas is required within this district.[1] Fed. R. Civ. P. 45(c). The parties have narrowed their differences in negotiating a stipulated protective order covering these depositions, but failed to reach agreement on essentially three issues: 1) whether trial counsel's "communications" with a consulting expert are off limits; 2) whether counsel "shall not seek" the subject matter of the consultation and 3) limiting the subject matter that is off limits to what are "exclusively" expert consulting activities as compared to actions, opinions and communications that are "independent of facts known or opinions formed as a percipient witness."

The witnesses both have knowledge of events in the case as percipient witnesses prior and concomitant to being asked to serve as expert consultants for Plaintiffs. Thus, each is both a percipient witness as to discoverable facts which pre-existed and concomitant to their expert undertakings, and also an expert consultant as to fully protected, non-discoverable communications, tasks, and opinions which arose once that role was undertaken.

Plaintiffs request that the Court enter a protective order as set forth in its request for relief below. The parties had been in extensive negotiations over a stipulated protective order, which boiled down to disagreement over very few terms. Apart from inserts that do not appear to be in dispute, and apart from

---

[1] Ms. Hillring resides in Tampa, Hillsborough County, Florida. (Ex. A). Mr. Snyder resides in Dunnellon, Marion County, Florida. (Ex. B reflects that undersigned counsel agreed to accept service of Mr. Snyder's subpoena).

**Page 3 of 16**

general agreement among counsel that the parties would later agree to transfer of this matter to the court of origin (which is not a subject of this Motion), the difference between this requested order and what defendants proposed as a stipulation in negotiations is the following:

| Defendants' language, Exhibit C | Plaintiffs' language, Exhibit D |
|---|---|
| 2. In discovery by deposition, Turbett shall not seek, and Hillring and Snyder shall not be required to disclose, opinions, analyses, strategies, and impressions first formed when serving exclusively in their expert consulting roles and prepared for Progressive's counsel after, in the case of Hillring, her October 2020 engagement by Progressive and, after, in the case of Snyder, his December 2020 engagement by Progressive. | 2. In discovery by deposition, Turbett shall not seek, and Hillring and Snyder <u>and their counsel</u> shall not ~~be required to~~ disclose, <u>communications,</u> opinions, analyses, strategies, and impressions first <u>made or</u> formed when serving ~~exclusively~~ in their expert consulting roles <u>independent of facts known or opinions formed as percipient witnesses</u> and prepared for Progressive's counsel after, in the case of Hillring, her October 2020 engagement by Progressive and, after, in the case of Snyder, his December 2020 engagement by Progressive.[2] |
| 3. In discovery by deposition, Turbett shall not seek, and Hillring and Snyder shall not be required to disclose, opinions, analyses, strategies, and impressions first received from or shared by Progressive's counsel for the express purposes of receiving expert consulting services from Hillring and Snyder after, in the case of Hillring, her | 3. In discovery by deposition, Turbett shall not seek, and Hillring and Snyder <u>and their counsel</u> shall not ~~be required to~~ disclose, <u>communications,</u> opinions, analyses, strategies, and impressions first <u>made or</u> received from or shared by Progressive's counsel <u>or Progressive</u> for the express purposes of receiving expert |

---

[2] Note, Exhibit D includes a stricken phrase: "the timing, content or other facts regarding," which was originally proposed by Plaintiffs, but rejected by Defendants. Plaintiffs do not advocate for inclusion of that rejected phrase and include this footnote merely to explain the discrepancy between this chart and Exhibit D.

| | |
|---|---|
| October 2020 engagement by Progressive and, after, in the case of Snyder, his December 2020 engagement by Progressive. | consulting services from Hillring and Snyder after, in the case of Hillring, her October 2020 engagement by Progressive and, after, in the case of Snyder, his December 2020 engagement by Progressive. |

The competing proposed stipulations are attached hereto as **Exhibits C** and **D**.

Thus, by its terms Plaintiffs' Exhibit D and the requested order allows Defendants to inquire into:

- discussions, perceptions and work by Ms. Hillring <u>prior</u> to her October 2020 engagement (and similar regarding Mr. Snyder's December 2020 engagement);

- discussions, perceptions and work by Ms. Hillring <u>during</u> and <u>after</u> her October 2020 engagement regarding facts known or opinions formed as percipient witnesses, "independent" from expert consulting work (and similar regarding Mr. Snyder's December 2020 engagement); and

- similarly, discussions, perceptions and work by Ms. Hillring <u>during</u> and <u>after</u> her October 2020 engagement which were not "prepared for Progressive's counsel" or while serving in her capacity as an expert consultant (and similar regarding Mr. Snyder's December 2020 engagement).

A similar edit exists in paragraph 3, concerning communications by the client with the expert consultant. As may be readily understood, the testimony Plaintiffs seek to protect are facts or opinions provided to Plaintiffs' counsel "independent of the facts known or opinions formed as percipient witnesses." In other words, <u>both parties agree</u> that facts known or opinions formed prior to or independent of the engagement as expert consultants are fair game for deposition examination by Defendants' counsel. Clearly, Defendants should not oppose this language, but to date they have.

Plaintiffs' concern is that without this Order, the witnesses may be asked a question that inquires into consulting expert subject matter that is off limits, and notwithstanding an objection by Plaintiffs' counsel, the third party witnesses disclose the subject matter and/or is not instructed by his or her counsel to refrain from responding, thereby irreparably revealing highly confidential information on trial strategy or the like.

## STATEMENT OF FACTS AND THE CASE

Plaintiffs filed this patent infringement and false advertising case in April 2019 in the District Court of Delaware. *Progressive Sterilization LLC et al. v. Turbett Surgical LLC,* No. 1:19-cv-00627-CFC-CJB. Plaintiffs assert infringement of three patents and false or misleading representations to the consuming public regarding the Defendants' competing products. Among the witnesses with knowledge of events and facts existing both prior to and subsequent to the filing of this action are Annette Hillring, a consultant on the FDA clearance of medical

devices, and Barry Snyder, one of the inventors on two of the asserted patents. Ms. Hillring's deposition of June 30, 2021, has now been briefly continued, with a desired new date in late July. Mr. Snyder's deposition is scheduled in mid-July. A discovery cutoff date of fact witnesses has been set for August 2, 2021. (Del. Doc. No. 146.)

Subsequent to the filing of this action, Plaintiffs arranged with Ms. Hillring to provide their trial counsel with confidential, expert consulting advice and services beginning in October 2020 and covering at least three discrete, trial-related projects. A similar arrangement was made with Mr. Snyder in December 2020 and covering one or more discrete, trial-related projects. All such services were requested in anticipation of the demands and needs of this litigation. In the course of their expert consulting, both experts have communicated with Plaintiffs' counsel regarding their opinions on relevant technical matters within the realm of their respective areas of expertise. Neither is a party to the action. Defendants served Rule 45 subpoenas for deposition of each witness, which led to the current scheduling.

The parties have met and conferred extensively to create clear boundaries for what may be sought in the course of these depositions, by means of agreeing on a stipulated protective order. However, they were unable to reach agreement on all terms.

The requested protective order is necessary to avoid irreparable harm. Counsel for Defendants has fought the issue of conceding this protection

repeatedly, raising arguments that Plaintiffs view as spurious. The parties need guidance -- and boundaries -- to avoid a more protracted and inefficient dispute during the deposition.

Witnesses Annette Hillring and Barry Snyder both reside in the Middle District of Florida. Pursuant to Federal Rule 45(d) and (f), Plaintiff brings this Motion to request entry of an appropriate protective order regarding the expert consultants.

## ARGUMENT

The Federal Rules are quite clear: experts who have been designated as witnesses who will testify in their expert capacities may be deposed on a wide range of topics including their opinions and communications. Fed.R.Civ.P. 26(b)(4)(A). On the other hand, neither the consulting expert nor counsel who retain them are required to provide information of nearly any sort in discovery, absent some compelling need of "non-core" attorney work product matters.

## I. THE WITNESSES ARE EXPERT CONSULTANTS

Both witnesses were engaged formally or informally as expert consultants as of the dates set forth above.

> "[C]ourts have consistently held that a party may not discover the identity of, facts known by, or opinions held by [even] an informally consulted expert. *See, e.g., Cox v. Piper, Jaffray & Hopwood, Inc,* 848 F.2d 842, 845 (8th Cir. 1988); *USM Corp. v. Am. Aerosols, Inc.,* 631 F.2d 420, 424-5 (6th Cir. 1980), *Ager v. Jane C. Stormont Hosp.* 622 F.2d 496, 501 (10th Cir. 1980). Therefore, the key inquiry under Rule 26(b)(4)(B) [now 26(b)(4)(D)] is whether the consultation took place in anticipation of litigation."

*Spearman Indus. v. St. Paul Fire & Marine Ins. Co.*, 128 F.Supp.2d 1148 (ND IL 2001) (emphasis added). "Anticipation" of litigation of course includes anticipation of further events and strategies in existing litigation.

## II. NO DISCOVERY IS PERMITTED RE EXPERT CONSULTANT WORK

Federal Rule of Civil Procedure 26(b)(3)(A), states:

Trial Preparation: Materials.

> (A) *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer or agent). But subject to Rule 26(b)(4), those materials may be discovered if:
>
>> (i) they are otherwise discoverable under Rule 26(b)(1); and
>>
>> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Accordingly, all that is required to establish that a witness has become an expert consultant is that he or she is engaged "in anticipation of litigation." Subparagraph (b)(4)(D) of the same Rule provides parallel protection regarding depositions and interrogatories.

> (D) *Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of

> litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
> . . .
>
> > (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

The underpinning of these rules is to protect information governed by the attorney-client privilege and the attorney work product doctrine. Discovery of an expert's discussions and thoughts easily creeps into discovery of the attorney's strategy, analysis and inquiry into the strengths and weaknesses of the case and his or her mental impressions. As the Supreme Court stated in *United States v. Nobles,* 422 U.S. 225, 238-39, 95 S.Ct. 2160, 2170, 45 L. Ed. 2d 141 (1975) (emphasis supplied):

> "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case. But the doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system. One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. <u>It is therefore necessary that the doctrine protect material prepared by agents for the attorney</u> as well as those prepared by the attorney himself.

There has been no suggestion that exceptional circumstances exist to obtain information by other means. In fact, the parties are in agreement that the witnesses may be questioned on their knowledge of facts, their activities and their opinions that existed outside the consulting relationship. Further, the parties agree the witness may be asked about facts known or opinions formed as a percipient witness

prior to, during or after any consultations, but Plaintiffs contend the content of specific discussions <u>after</u> retention on matters within the scope of the consulting engagement invades the privilege.

Thousands of pages of documents regarding the witnesses' participation in the events of this case as percipient witnesses have been produced and are therefore subject to counsel's questions.

### III. AN EXPERT CONSULTANT WITH PRE-RETENTION KNOWLEDGE OF FACTS MAY NOT BE DEPOSED ON FACTS AND OPINIONS DEVELOPED AFTER RETENTION IF WITHIN THE SCOPE OF THE CONSULTING ENGAGEMENT.

Judge Thynge in the District Court of Delaware, where this action sits, issued an opinion on discovery of a "dual role" consulting expert who had percipient knowledge predating his engagement as a consultant. *Callaway Golf Co. v. Dunlop Slazenger Group Ams., Inc.*, 2002 U.S. Dist. Lexis 15429 (D. Del. 2002). There, a party withdrew its designation of a witness intended to testify at trial and treated the witness thereafter as only a consulting witness. The deposing party contended it could examine the witness as if the expert trial witness designation remained in force. After extended analysis of prior authority involving de-designation of an expert witness, Judge Thynge held the party could withdraw an expert who had previously been designated to testify, and thereby could prevent the opposing party from deposing the now consulting expert, absent exceptional circumstances. Here, there has never been a designation of these witnesses as experts who will testify at trial.

The importance of this decision is that Judge Thynge addressed the issue of discovery of the consultant's possible percipient knowledge of underlying facts. She emphasized that discovery might be possible but only as to facts known independent of the engagement.

> However, it is not clear, at this stage, whether Dr. Mehta possessed relevant facts and opinions that relate to the aerodynamics of Callaway's patent infringement claim and that were developed *before* he was retained as an expert by plaintiff. Before completely closing the door on his deposition, Dunlop will be allowed to present information regarding the purpose of his deposition, as limited herein, and . . . reasons for his limited deposition."

*Id.* at *12-13 (emphasis in original).

This decision sets out the applicable rule: In a deposition of a consulting expert who has a dual role as a percipient witness, discovery may be allowed of facts and opinions developed before engagement, but not the consultant's discussions, analysis or opinions developed thereafter and that are independent of any facts known or opinions developed as a percipient witness. This strikes the proper balance.

Other courts recognize this basic division. Citing cases supporting its ruling, the court in *Rocky Mountain Natural Gas* allowed a party to discover those facts and opinions held by the other party's consulting expert, which were developed *before* he was retained for the particular litigation. However, it ruled "a party may not discover facts and opinions acquired by the expert through his employment with the opposing party, in anticipation of the underlying litigation." *Rocky*

*Mountain Natural Gas v. Cooper Industries*, 166 F.R.D. 481, 482, 1996 U.S. Dist. Lexis 6209, at *4 (D.Colo. May 6, 1996) (and cases cited therein).

Defendants may wish to ask "what the witness told counsel" as a consultant and "what counsel told the consultant," but they may not. That invades the attorney-client privilege and attorney work product doctrine. Defendants are not blocked from what the witness knows regarding the underlying case; they need only just ask.

## IV. COMMUNICATIONS BY THE CONSULTANT WITH THE CLIENT AFTER RETENTION ARE NON-DISCOVERABLE.

Absent exceptional circumstances that do not apply here, the same holds true for discussions between the client and the expert consultant after the consultant's retention, at least as to discussions in furtherance of that expert's role.

In *In re Bieter Co.*, 16 F.3d 929 (8th Cir. 1994), an independent contractor served as a consultant to the client and communicated extensively over time with both the client and counsel within the scope of that consulting relationship. The *Bieter* court ruled that the attorney-client privilege should extend to non-employees who possess a "significant relationship to the [client] and the [client's] involvement in the transaction that is the subject of legal services." *Id.* at 938. Several courts have adopted the *Bieter* reasoning to protect client communications with expert consultants brought in to assist the client's attorneys.

> "The reasoning of *Bieter* has been adopted in other jurisdictions. *See, e.g., Western Resources, Inc. v. Union Pacific Railroad Co.*, No. 00-2043-CM, 2002 U.S. Dist. Lexis 15628, 2002 WL 181494 (D. Kan. 2002) (applying the privilege to an expert consultant to the client in

non-litigation matters); *Royal Surplus Lines Ins. v. Sofamor Danek Group, Inc.,* 190 F.R.D. 463 (W.D. Tenn. 1999) (extending the privilege to a broker); *Alliance Const. Solutions, Inc. v. Dept of Corrections,* 54 P.3d 861 (Colo. 2002) (extending the privilege to an independent contractor of the Department of Corrections where the independent contractor's employee provided the Department's counsel with factual information needed [*14] to obtain satisfactory legal advice, the employee was the primary contact of the Department's counsel on many issues involved in the litigation, and the Department's counsel understood communications with the employee to be confidential). Similarly, this Court finds *Bieter's* reasoning to be persuasive, and adopts the standard set forth in that case."

*e2 Creditors Trust v. Stephens, Inc. (In re e2 Communs., Inc.),* 2006 Bankr. Lexis 4575, *13-14 (ND Tex June 15, 2006).

## SUMMARY AND CONCLUSION

The Court should grant Plaintiffs' Motion for Protective Order regarding Expert Consultants. Although the parties agree that the consultants' knowledge of underlying facts and opinions formed as a percipient witness may be discoverable, a protective order is needed to bar inquiry over matters protected by the attorney-client privilege and attorney work product doctrine.

Accordingly, Plaintiffs request an order that:

1. Turbett shall not seek, and witnesses Annette Hillring and Barry Snyder and their counsel shall not disclose or permit disclosure of communications, opinions, analyses, strategies, and impressions first made or formed when serving in their expert consulting roles, independent of facts known or opinions formed as percipient witnesses, and prepared for Progressive's counsel after engagement of each by Progressive.

2. Similarly, Turbett shall not seek, and witnesses Annette Hillring and Barry Snyder and their counsel shall not disclose or permit disclosure of communications, opinions, analyses, strategies, and impressions first made or received from or shared by Progressive's counsel or Progressive for the purpose of receiving expert consulting services from Hillring and Snyder after their engagement by Progressive.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Plaintiffs has conferred with counsel for Defendants by email and telephone and has been advised that Defendants oppose the relief requested in this motion.

Dated: **July 1, 2021**

Respectfully submitted,

*s/ Carolina Y. Blanco*
Cory J. Person (FBN: 32950)
cory.person@hwhlaw.com
Secondary: Lisa.Dreggors@hwhlaw.com
Carolina Y. Blanco (FBN: 98878)
HILL WARD HENDERSON
101 E. Kennedy Blvd., Suite 3700
Tampa, FL 33602
Phone: 813.221.3900

David C. Bohrer (*PHV pending*)
Robert W. Payne (*PHV pending*)
GREENFIELD LLP
55 S. Market Street, #1500
San Jose, CA 95113
dbohrer@greenfieldlaw.com
Phone: (408) 995-5600

***Attorneys for Plaintiffs and Counter-Defendants***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **July 1, 2021**, I served the foregoing *via* *email* to the following:

Counsel for Defendants: **Jeffrey Wadsworth, Esq.**, jwadsworth@hselaw.com; and **Erika Stanat, Esq.**, estanat@hselaw.com.

Counsel for third-party Hillring: **J. Coy Stull, Esq.**, jstull@carltonfields.com.

Counsel for third-party Snyder: **David C. Bohrer, Esq.**,

dbohrer@greenfieldlaw.com

*s/ Carolina Y. Blanco*
**HILL WARD HENDERSON**