# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| IN RE: SUBPOENAS TO NON-PARTIES ANNETTE HILLRING AND BARRY SNYDER | ) ) ) ) |
| | ) Case No. 8:21-mc-00090-VMC-TGW |
| PROGRESSIVE STERILIZATION, LLC, a Florida Limited Liability Company, and PMBS, LLC, a New Jersey Limited Liability Company, | ) ) ) Related Case No. 19-cv-627-CFC in ) The United States District Court ) for Delaware |
| Plaintiffs | ) ) |
| v. | ) ) |
| TURBETT SURGICAL LLC, a Delaware Limited Liability Company, and TURBETT SURGICAL, INC., a Delaware Corporation, | ) ) ) ) ) |
| Defendants | ) ) ) |
| _____ | ) ) |
| TURBETT SURGICAL, LLC and TURBETT SURGICAL, INC., | ) ) ) |
| Counter-Plaintiffs, | ) ) |
| v. | ) ) |
| PROGRESSIVE STERILIZATION, LLC and PMBS, LLC, | ) ) ) |
| Counter-Defendants. | ) ) |
| _____ | ) |

**TIME SENSITIVE MOTION TO TRANSFER MOTION FOR PROTECTIVE ORDER TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 45(f), Defendants/Counter-Plaintiffs Turbett Surgical, LLC and Turbett Surgical, Inc. (collectively, "Turbett Surgical") hereby request that the motion for protective order filed by Plaintiffs Progressive Sterilization, LLC and PMBS, LLC ("Plaintiffs") be transferred to the United States District Court for the District of Delaware, the court from which the deposition subpoenas in question were issued and the court that is handling the underlying litigation.

This is a time sensitive matter because the transfer must happen promptly to afford the Delaware court an opportunity to resolve the motion for a protective order before the end of fact discovery in the case (currently scheduled to be completed by August 2, 2021).

The requested transfer is appropriate because the underlying case has been proceeding in the District of Delaware, that court is familiar with the issues in the case, and that court has previously decided multiple discovery-related motions. Indeed, prior motions decided by the Delaware court have included issues involving both Ms. Hillring's and Mr. Snyder's role in the case as fact witnesses, as well as the parties' involvement with respect to third-party discovery.

Rule 45(f) permits transfer to the Delaware court either when "the person subject to the subpoena consents" or this Court "finds exceptional circumstances." Counsel for subpoena recipient Annette Hillring has consented to the requested

transfer. Accordingly, the motion can be transferred as to Ms. Hillring on that basis. Indeed, counsel for Ms. Hillring (Mr. Stull) has not contended that a protective order is necessary at all, and made clear that the compromise position offered by Turbett Surgical's counsel would be more than sufficient to protect any potential consulting expert confidences. (**Exhibit A** and **B**). And while counsel for subpoena recipient Barry Snyder has refused to consent to the requested transfer,[1] there are "exceptional circumstances" present here. First, Ms. Hillring consents to the transfer. Second, and notably, Plaintiffs' counsel had previously *requested* Ms. Hillring's consent to transfer the motion to the Delaware court where the motion is pending. (**Exhibit B**). Indeed, prior to filing its motion with this Court, Plaintiffs' counsel always led the other relevant parties to believe that they would be requesting a transfer to the Delaware court. (**Exhibit C**). Third, it is apparent that Plaintiffs are trying to cloak core fact witnesses by obtaining an order prior to these witnesses' depositions—from a court that has no familiarity with the underlying case or its history—that would preclude relevant questioning about information that should not be protected by any expert consultant arrangement. Plaintiffs could have engaged any number of individuals as consulting experts in this case; that they are trying to transform their own core fact witnesses into "consulting experts" suggests something less straightforward is at

---

[1] Notably, counsel for Mr. Snyder are the same counsel representing Plaintiffs in the underlying action; transferring the motion to the issuing court will pose no prejudice to either Mr. Snyder or his counsel

play here. That they insist on an overly broad pre-deposition protective order from this Court—and now refuse the transfer to the court where the case is pending—only heightens that suspicion.

In the event that this motion is granted, Turbett Surgical will provide a timely substantive response to the motion for protective order after it is transferred into the District of Delaware as part of Case No. 19-cv-627-CFC. In the event that this motion is denied or still pending, Turbett Surgical will submit its substantive response to the motion for protective order to this Court on or before July 15, 2021, i.e., fourteen days from the date it was served with the motion. Such response will elaborate on several issues including, among others, that both (i) Ms. Hillring and Mr. Snyder have been disclosed as fact witnesses by Plaintiffs with respect to several issues in their Rule 26 disclosures, (ii) that Plaintiffs have provided the Court with no factual support for their assertion that Ms. Hillring and Mr. Snyder have been retained as consulting experts in the case and thus fall far short of meeting their burden for the requested protective order, (iii) that neither Ms. Hillring nor Mr. Snyder has submitted any declaration or statement of his or her own in connection with their purported "consulting expert" arrangement, let alone provide any support for Plaintiffs' purported need for a protective order prior to their depositions, (iv) that any issues regarding attorney work product or related doctrines could be preserved during a deposition with each side building whatever record would enable a reviewing court to assess the issue, rather than trying to preempt certain questions in advance, and (v) that Plaintiffs seem intent

on cloaking these indisputable fact witnesses with some extra level of protection by seeking a court order that would unfairly limit legitimate areas of inquiry that goes beyond the protections afforded even legitimate consulting experts.

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to L.R. 3.01(g), movant's lead counsel has conferred via email and telephone with Plaintiff's counsel and counsel for the subpoenaed witnesses. Plaintiff and subpoenaed witness Snyder oppose this motion. Subpoenaed witness Hillring's attorney is currently on vacation, but as indicated in the attached exhibits, does not oppose transfer to Delaware.

Dated: July 8, 2021

/s/ *Woodrow H. Pollack*
Woodrow H. Pollack
Lead Counsel
Fla. Bar No.: 026802
**SHUTTS & BOWEN, LLP**
4301 W Boy Scout Blvd, Suite 300
Tampa, Florida 33607
(813) 463-4894
wpollack@shutts.com

Jeffrey Wadsworth
**HARTER SECREST & EMERY, LLP**
1600 Bausch & Lomb Place
Rochester, NY 14604
(585) 231-1113
jwadsworth@hselaw.com
*Motion for Special Admission Forthcoming*
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that on <u>July 8, 2021</u> a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

<u>*/s/ Woodrow H. Pollack*</u>
Woodrow H. Pollack
